# Exhibit 1

<u>SUBCONTRACT AGREEMENT</u>

THIS SUBCONTRACT AGREEMENT ("Subcontract") is entered into this 26th July, 2011, between ACI-SCC JV, Old Capitol Trail, Suite 556 Wilmington, DE 19808, UNITED STATES OF AMERICA ("Contractor"), and <u>Arwand Road and Construction Company</u> with address <u>4th district Badmorqan street Herat – Afghanistan</u> Phone+<u>93 799-133-141</u> Email: <u>ARCC2008@gmail.com</u> ("Subcontractor").

### RECITALS

A.   ACI-SCC JV has agreed to construct, to the complete satisfaction of:

**The U.S. Army Corps of Engineers (the "Owner")**
AFGHANISTAN DISTRICT SOUTH (AES)
US ARMY CORPS OF ENGINEERS
APO AE

a work of improvement (the "Project") at a location specified by Owner (the "Project Site") located at

**Camp Zafar, Herat Province, Afghanistan**
Commonly known as:

**UTILITIES UPGRADE,**
**All Electrical Distribution**
**Afghanistan National Army Camp Zafar**
**Herat Province, Afghanistan**
**Contract No.  W5J9JE-10-D-0017-0013**

B.   The development and construction of the Project is to be in strict accordance with the plans and specifications, drawings, reports, material lists, sections, details, profiles, grading plans, deed restrictions, utility layouts and similar materials set forth in the various interrelated documents (collectively, the "Plans and Specifications") as prepared by:

**ACI-SCC JV**
**Old Capitol Trail, Suite 556 Wilmington, DE 19808,**
**UNITED STATES OF AMERICA**
**Tel: 1-202-552-4791**

And subject to the approval of

**The U.S. Army Corps of Engineers (the "Owner")**
AFGHANISTAN DISTRICT SOUTH (AES)
US ARMY CORPS OF ENGINEERS
APOAE

The Plans and Specifications are incorporated into this Subcontract by reference.  The Plans and Specifications are intended to supplement each other, and work described in one document but not in another shall nonetheless be performed as if such work were described in all documents included in the Plans and Specifications.  All of the Plans and Specifications are on file and available during business hours for inspection and reference at ACI-SCC JV job-site office.

ACI-SCC JV 3422                     Old Capitol Trail, Suite 556                     Email: General@palisadea.com
DUNS: 82-970-1627                  Wilmington, DE 19808                          Tel. 202-446-0249
EIN: 98-0616552                    UNITED STATES OF AMERICA                       URL: www.palisadea.com

**General Terms & Conditions:**
- The contractor should mobilize within 7 days after signing of the contract.
- The access to site will be provided by ACI-SCC JV.
- The job should be done according to SOW and will be accepted only upon acceptance by the client.  The complete design and specification will be provided later.
- All applicable water testing shall be performed by the sub-contractors and all testing results shall be submitted for client's approval.
- Sub-contractor is responsible for mobilization of his company including life support for his personnel on the site and ACI-SCC has no responsibility for the LSA.
- The contract is lump sum to complete the mentioned SOW in accordance to drawing and specification.  The subcontractor will provide Schedule of Values for progress payment.

**NOW, THEREFORE, IT IS MUTUALLY AGREED BETWEEN THE PARTIES AS FOLLOWS:**

1. **SCOPE OF WORK.**  Subcontractor shall perform all of the work described in SCOPE OF WORK attached hereto as Exhibit E and incorporated herein by this reference and any additional work required by Contractor as provided herein (hereinafter, the "Work") in strict compliance with the Plans and Specifications, as may be modified from time to time by Change Order. The Work shall include all labor, equipment, materials, facilities, technology, supervision and services that are:

   a)  reasonably inferable from the Work specified;

   b)  customarily performed and provided by competent contractors as part of the proper performance of the work of the type specified;

   c)  necessary to successful, timely and safe completion of the Work;

   d)  necessary to cut, fit, or patch portions of the Work as required to make its several parts come together properly, and to fit it to receive or be received by the work of other subcontractors, as shown upon or reasonably implied by the Plans and Specifications;

   e)  necessary to perform the Work in compliance with the Laws and Regulations, as that term is defined below; and

   f)  necessary to fulfill the undertakings, covenants, guarantees, representations and warranties set forth in this Subcontract and the Plans and Specifications.

   In the performance of the Work, Subcontractor agrees that, except as expressly otherwise stated in this Subcontract, it is bound to Contractor by the terms and conditions of the Contract Documents and that Subcontractor is obligated and liable to Contractor to the same extent Contractor is obligated and liable to Owner.  The Contract Documents mean this Subcontract and USACE Contract Number W5J9JE-10-D-0017-0013 inclusive of any and all change orders or modifications.   The Contract Documents also include:   Exhibit A – Subcontractor Price Schedule, Exhibit B – Supplemental Terms and Conditions, Prime Contract Flow-Down Clauses, Exhibit C – Foreign Corrupt Practices Act Information, Exhibit D – Defense Base Act Information, and Exhibit E – Scope of Work and Specifications.

   Subcontractor hereby assumes toward Contractor all of the duties, obligations and responsibilities that Contractor has by the Contract Documents assumed toward the Owner.  Subcontractor agrees to be bound by all interpretations, decisions or other written instructions by Owner, Architect, any court, arbitration panel, administrative tribunal or other body relative to any question, interpretation, ambiguity or discrepancy in the Contract Documents in the same manner as Contractor is bound; and Subcontractor agrees to comply with and to perform the Work as required by such interpretations, decisions or other written instructions.  If Subcontractor incurs any additional cost, delay or disruption to the Work as a result of any such interpretation, decision or written instruction or as a result of any inadequacy or unsuitability, including without limitation, ambiguity, inconsistency or omission in the Contract Documents, Contractor shall only be obligated to pay additional compensation to Subcontractor or to extend the Subcontractor's time for performance if Contractor receives additional compensation or an extension of time from Owner, and then only to the extent, if any, of Subcontractor's equitable portion of such additional compensation or extension of time.  The Contract Documents and this Subcontract

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

shall be read and interpreted together. If there is a conflict regarding the scope of the Work, the document requiring the more extensive work shall prevail unless the Contract directs otherwise. Otherwise, this Subcontract shall govern in the event of any conflict between the Contract Documents and Subcontract pertaining to the relationship between Contractor and Subcontractor.

2. **SUBCONTRACT PRICE.** For the strict (but not substantial) performance of all its obligations hereunder, Contractor shall pay to Subcontractor the lump sum of $500,000.00 (Five Hundred Thousand US Dollars) (the "Subcontract Price") in accordance with the payment terms set forth herein.

3. **CONTRACT TIME.** Subcontractor shall commence and complete the Work (60 Days) after signing the contract accordance with the schedule approved by Contractor or as issued by the Owner, and as may be revised from time to time during the course of the Project (the "Project Schedule"). Liquidated damage of USD 350 per day will be applicable after the completed period. Subcontractor shall commence and complete all tasks in compliance with the time periods expressly provided for such tasks in the Project Schedule. The total period of time provided in the Project Schedule for commencement and final completion of all tasks that comprise the Work shall constitute the "Contract Time". The Contract Time may be adjusted only as provided for in Paragraph 22. Except as otherwise expressly noted, as used herein and in the Project Schedule, the term "day" shall refer to a calendar day.

The date on which all of the work performed by Contractor and its subcontractors is completed and accepted by the Owner shall be referred to hereinafter as the "Completion Date".

Time is of the essence in the performance of this Subcontract. Subcontractor is aware of the Contract Time (as defined in the Contract Documents) and agrees to take any and all steps necessary to insure that the Work is performed in such time as to permit Contractor to meet its obligations to Owner in accordance with the schedule for the Project to be prepared by Contractor ("the Schedule"). If Subcontractor fails to maintain the progress required by the Schedule and such failure is Subcontractor's fault, in whole or in part, Subcontractor agrees, at its sole cost and expense, to take whatever actions are necessary to get the Work back on schedule.

Subcontractor agrees at its sole cost and expense: (a) to submit (i) a detailed CPM after two weeks from the signing of the subcontract; (ii) Work Plan after two weeks from the signing of the subcontract in which they describe the methods used, Org chart, Resources and CVs of key staff, and procurement plan; (iii) QC Plan after two weeks from the signing of the subcontract (iv) Safety Plan after two weeks from the signing of the subcontract; (v) Security Plan after two weeks from the signing of the subcontract; (vi) Commissioning shall be performed for sewer water distribution and interior water system and interior electrical system; (b) to begin the Work upon Contractor's order to do so; (c) to cooperate with Contractor and its other subcontractors and the other contractors, if any; (d) to perform the Work in such sequence as Contractor may direct; (e) when requested, to provide all information required to prepare updates or revisions to the Schedule; and (f) to furnish at all times sufficient and qualified forces and supervision, adequate and conforming materials, equipment, tools and all other things necessary to achieve the progress required by the Schedule. Subcontractor agrees that Contractor has full discretion with regard to preparation of the Schedule and updates or revisions thereto during the course of the Project, and that Subcontractor shall perform the Work in accordance with the requirements of the Schedule and all revisions or updates thereto.

Subcontractor agrees: (a) to order (for manufacturer and/or purchase and delivery) all materials and equipment required for the Work as soon as possible to avoid delays caused by unavailability; (b) to furnish Contractor within thirty (30) calendar days of the date of this Subcontract a list of major materials and equipment required for the Work, showing the name, address and telephone number of the supplier and the dates on which such materials and equipment are expected to be delivered to the Project site; (c) to furnish Contractor, upon demand, a copy of each major purchase order and subcontract (at Subcontractor's option, price information may be deleted); (d) to cause a qualified home office supervisory representative to attend scheduled progress meetings; and (e) to notify Contractor immediately and confirm in writing within forty-eight (48) hours, if Subcontractor finds that any item cannot be delivered as required to maintain the Schedule.

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

Subcontractor represents that it has satisfied itself as to any provision in the Contract Documents concerning liquidated damages, and agrees that in the event liquidated damages are imposed by Owner on Contractor as the result, in whole or in part, of the performance or non-performance of Subcontractor, such liquidated damages (or an appropriate share thereof) will constitute one element of the damages that Contractor shall be entitled to recover from Subcontractor by back charge or otherwise. In addition, Subcontractor agrees to reimburse Contractor for any loss or damage, including damages that may become due to the Owner under the Contract Documents, and for any extra expense incurred by the Contractor that result from Subcontractor's failure to deliver timely any and all materials or failure to perform timely any and all Work.

4.   **SUBCONTRACTOR'S REPRESENTATIONS AND ACKNOWLEDGEMENTS.**   As a material inducement to Contractor to enter into this Subcontract, Subcontractor represents and acknowledges that:

a)   It has carefully studied, and is familiar with all of the requirements of this Subcontract and the Plans and Specifications necessary to perform the Work.

b)   This Subcontract and the Plans and Specifications are sufficient to indicate and convey understanding of all terms and conditions for performance of the Work.

c)   it has carefully studied all reports of explorations and tests of subsurface conditions at or contiguous to the Site and all drawings of physical conditions inter-relating to the existing surface or subsurface structures at or contiguous to the Site, including all pipelines, conduits, ducts, cables, wires, manholes, vaults, tanks, tunnels and other such facilities and attachments installed underground ("Underground Facilities"), if any.

d)   it has investigated the Project and has satisfied itself concerning the character of the Work, any related, adjacent or dependent work, the local and site conditions, and utilities that may affect costs, progress, and performance of the Work.

e)   it has correlated the information known to Subcontractor, information and observations obtained from visits to the Site, reports and drawings identified in the Plans and Specifications and all additional examinations of investigations, explorations, tests, studies and data with the Plans and Specifications insofar as they relate to the Work.

f)   it can perform the Work for the Subcontract Price and in compliance with the requirements of this Subcontract and the Plans and Specifications.

g)   it has carefully studied and is familiar with the Project Schedule and can perform the Work in the Contract Time.

h)   it has the knowledge, skills, experience, expertise, and capability to perform the Work.

i)   it is financially solvent and has the financial resources to perform the Work for the Subcontract Price and within the Contract Time.

j)   it is authorized to do business and possesses all of the licenses necessary to perform the Work in the jurisdiction where the Project is located and any other applicable jurisdiction.

k)   it is familiar with all of the Laws and Regulations.

l)   it acknowledges that this Subcontract is entered into in furtherance of a contract involving the United States Government, and that it is familiar with and agrees to abide by all laws, regulations and requirements applicable to the Project.

m)   it has not been influenced by, or relied on any representations of the Contractor other than those expressly stated in this Subcontract and the Plans and Specifications.

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

5. **INDEPENDENT CONTRACTOR RELATIONSHIP.** The relationship of Subcontractor to Contractor during the term of this Subcontract shall be that of an independent contractor. Subcontractor shall take any and all actions necessary to maintain said independent contractor relationship throughout the term of the Subcontract, and neither Subcontractor nor its employees shall be considered employees of ARCC.

6. **SUPPLIERS OR SUBCONTRACTORS.** The parties agree that Subcontractor may subcontract portions of the work to other entities subject to the approval of Contractor. Within ten (10) days after execution of this Subcontract, Subcontractor shall provide Contractor with a complete list in writing of the names and addresses of all suppliers who will provide Subcontractor with materials, supplies, equipment or labor in performance of the Work. The written list of suppliers shall, upon receipt by Contractor, be attached to this Subcontract and shall be made a part hereof. Subcontractor shall not change suppliers or subcontractors without prior written approval of Contractor. Subcontractor may not subcontract more than 15% of the value of the work without a written modification of this Subcontract.

Subcontractor acknowledges that the project requires skilled engineers and other skilled labor and well as certain key staff. Contractor has the right to review and approve any and all key staff or skilled labor for performance of the work.

All materials must meet USACE standards and must be approved by USACE representatives on the project site. If the USACE fails to approve any materials provided by Subcontractor, Subcontractor will at its sole and exclusive expense, replace those materials with materials that meet the Contract Documents.

7. **PROJECT SUPERVISION.** Subcontractor shall designate a qualified superintendent or foreman for each job site to act as the representative of Subcontractor on the Project, with the right and power to obligate Subcontractor. Subcontractor shall continuously employ such superintendent or foreman on each job site wherein Subcontractor is conducting any portion of the Work under this Subcontract. Such superintendent or foreman shall at all times be satisfactory to Contractor and shall not be changed without Contractor's written consent. Within forty-eight (48) hours of verbal or written notice from Contractor that such superintendent or foreman is unsatisfactory to the Owner or Contractor, Subcontractor shall replace him with a person satisfactory to Owner or Contractor.

8. **COOPERATION BY SUBCONTRACTOR.** Subcontractor shall (1) show Owner's representatives proper courtesy and cooperation when they are on the site to inspect or observe construction progress, (2) attend all meetings called by Contractor concerning the Project upon at least twenty-four (24) hours' notice, whether written or verbal, (3) protect the work of others from damage as a result of its performance of the Work, and (4) cooperate with Contractor in scheduling and performing its work to avoid conflict or interference with the work of Contractor or other Subcontractors. In the event of any conflicts in the Project Schedule between the work of Subcontractor and Contractor or another Subcontractor, Contractor shall determine, in its sole discretion, which work shall have precedence and how the parties will coordinate their respective work. Subcontractor shall not be entitled to an adjustment in the Subcontract Price or the Contract Time as a result of such determination

Subcontractor shall discuss with Contractor's project superintendent any and all problems arising in connection with the Work before discussing such matters with the Project Owner, architect or engineer. Subcontractor shall not discuss with any representative of Owner requests for change orders or any other Project-related matters without the prior written consent of Contractor's Project Manager.

9. **UTILITIES.** Unless otherwise provided by Contractor as specified herein, Subcontractor shall furnish at its own expense all utilities, including, but not limited to, all electrical power, lighting and water required to properly performing the Work.

10. **SITE CONDITIONS AND WORK OF OTHERS.** Subcontractor shall use all means necessary to discover (1) any errors or inconsistencies in the Plans and Specifications, and (2) any defects in any work or materials furnished by Contractor or other Subcontractors upon which the proper workmanlike or accurate performance of the Work relies. Subcontractor shall allow Contractor a reasonable time in which to remedy such errors, inconsistencies, or defects. In the event that Subcontractor does not report any such errors, inconsistencies, or defects to Contractor in writing, Subcontractor shall be deemed to have fully accepted and waived any claim for costs, expenses, or damages arising from such errors, inconsistencies, or defects, regardless of the cause.

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

11. **LINES, GRADES AND MEASUREMENTS.** Subcontractor assumes full responsibility for the proper interpretation and interpolation of all lines, levels and measurements and their relation to bench marks, property lines, reference lines and the work of Contractor or other Subcontractors. In all cases where dimensions are governed by conditions already established, the responsibility for correct knowledge of the conditions rests entirely on Subcontractor. No variations from specified lines or grades or dimensions shall be made except on prior written approval of Contractor. All portions of the Work shall be made to conform to actual, final conditions as they develop in the course of construction.

12. **PROSECUTION OF THE WORK.** During the performance of the Work, Subcontractor shall furnish to each job site sufficient skilled labor, adequate and suitable materials, and tools and equipment to proceed with the Work. Subcontractor shall diligently prosecute the Work in accordance with the most recent Project Schedule. If Contractor determines, in its sole discretion, that (1) Subcontractor has failed to diligently prosecute the Work in accordance with the Project Schedule or (2) Subcontractor will not complete the Work within the Contract Time, Contractor may, in its sole discretion, require Subcontractor to use such additional labor and equipment as may be necessary to accelerate the Work to bring its performance into compliance with the Project Schedule, terminate this Subcontract, and/or exercise all other rights and remedies available under this Subcontract and at law or in equity. Subcontractor shall not be entitled to a change in the Subcontract Price because Contractor requires Subcontractor to accelerate the Work in accordance with this Paragraph.

13. **MATERIALS. All Material shall be in accordance to specification and drawings and shall be approved by client.**

14. **SUBSTITUTIONS.** Subcontractor may not make substitutions in the Work except with prior receipt of a written Change Order executed by Contractor and setting forth in detail the specific substitutions authorized. Subcontractor shall replace at its own cost and expense any Work that fails to strictly conform to the Plans and Specifications.

15. **DATA FURNISHED BY SUBCONTRACTOR.** When requested by Contractor, Subcontractor shall, at its own expense, promptly furnish a reasonable schedule, reports or any other data that may be necessary in the opinion of Contractor for distribution among other Subcontractors and to Contractor for proper performance or clarification of the Work.

16. **SAFETY.** Subcontractor shall be responsible for initiating, maintaining and supervising all safety precautions and programs in connection with the Work. Subcontractor shall take all necessary precautions for the safety of, and to provide the necessary protection to prevent damage, injury or loss to (a) all persons performing the Work or who may be affected by the Work; and (b) all the Work to be incorporated therein, whether stored on or off the site. Subcontractor shall be responsible for and shall promptly remedy all damage, injury or loss caused directly or indirectly, in whole or in part, by Subcontractor or any of its suppliers. Subcontractor shall promptly report to Contractor all accidents incidental to the Work that results in death or injury to persons or in damage to property.

17. **USE OF CONTRACTOR'S EQUIPMENT.** If Contractor loans or rents any of its equipment, tools, rigging, blocking, hoists or scaffolding to Subcontractor, such use shall be made on an "as is" basis and at Subcontractor's sole and exclusive risk. Subcontractor shall maintain and return in good repair any such equipment, tools, rigging, blocking, hoists or scaffolding. Subcontractor assumes all responsibility for and agrees to indemnify and hold Contractor harmless from any and all Losses, as that term is defined below, arising out of or resulting from such use. This paragraph shall not be construed or deemed to permit any such use by Subcontractor without the prior written consent of Contractor.

18. **COMPLIANCE WITH LAWS AND REGULATIONS.** Subcontractor shall comply with and give all notices required by all federal, state, local, and municipal laws, regulations, codes, ordinances, and orders that directly or indirectly bear on performance of the Work including, without limitation:

   a) Building codes and ordinances;
   b) Worker's compensation laws and regulations;
   c) Wage and hour laws and regulations;
   d) Tax laws and regulations;

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

e) Safety codes, regulations and orders, including, without limitation, regulations and orders of all Federal, State and local agencies with authority over or responsibility for industrial safety in the jurisdiction where the Project is located; and

f) Environmental laws including, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act, the Clean Water Act, the Clean Air Act, and the Resources Conservation and Recovery Act, as they may apply.

Collectively, these are referred to herein as the "Laws and Regulations".

19. **DISCREPANCIES IN WORK REQUIREMENTS.**  In the event of any discrepancy between the Plans and Specifications and the Laws and Regulations, those that are more stringent, provide the Owner and the public greater protection, or provide for a better product shall govern.  Subcontractor shall promptly notify Contractor in writing of any such discrepancy.  Contractor assumes no responsibility for failure of the Plans and Specifications to be consistent with the Laws and Regulations.

20. **TAXES.**  Subcontractor shall pay all taxes for the Work including, without limitation, any tax payable under any law now existing, or which may hereafter be adopted by governmental authority, taxing the materials, equipment, or services furnished, or any other tax levied as a result of Subcontractor's performance of the Work.  Two (2%) will be deducted for tax.

21. **CHANGES AND MODIFICATIONS TO SUBCONTRACT.**  Without invalidating the Subcontract, Contractor may, at any time or from time to time, order additions, deletions or revisions in the Work.  Any such additions, deletions, or revisions shall be binding upon Contractor and Subcontractor when made in writing executed by a duly authorized representative of Contractor.  The terms and conditions of this Subcontract are not otherwise subject to addition, modification, or change.  In such a case, there will be a modification to this contract upon receipt of which, the Subcontractor shall promptly proceed with the changed or added work involved without delay, which shall be performed under the applicable conditions of this Subcontract and the Plans and Specifications, except as otherwise specifically provided in a writing executed by a duly authorized representative of Contractor.

22. **CHANGE ORDERS.**  The Subcontract Price and the Contract Time may be adjusted only by a written Change Order or by Written Amendment to the Subcontract executed by a duly authorized representative of Contractor.  Within five (5) days of an occurrence or event giving rise to a claim for a change in the Subcontract Price or Contract Time, Subcontractor shall provide to Contractor  written notice (hereinafter, a "Claim") stating the nature of the Claim and the change in Subcontract Price and Contract Time requested, accompanied by supporting documentation. Subcontractor shall submit all Claims to Contractor directed exclusively to the attention of the Contractor Project Manager.  A Claim shall be deemed to include all changes in Subcontract Price and/or Contract Time to which the claimant believes it is entitled as a result of the occurrence or event giving rise to the Claim.  No Claim for an adjustment of the Subcontract Price or Contract Time will be valid if not delivered to Contractor as specified within this five (5) day period. Subcontractor shall promptly proceed with the work involved with a Claim, a Written Change Order or a Written Amendment to the Contract, notwithstanding the absence of an agreement between Subcontractor and Contractor in advance of the work being performed, or thereafter, as to entitlement to an adjustment to the Subcontract Price, the Contract Time or both, or the amount due therefore.

In the event there is a dispute whether any work is part of the Work, Subcontractor shall proceed with such work as if it were part of the Work on receipt of a written directive to do so from Contractor.

The parties hereto intend that all claims of Subcontractor shall be resolved in accordance with the provisions of the Contract Documents and this Subcontract, and that Subcontractor's recoveries on its claims, if any, shall be limited to Subcontractor's portion of the relief Contractor receives from Owner as a result of such claims.

Contractor agrees to make a good faith effort to have Owner honor any just claim presented by Subcontractor. Subcontractor shall be responsible for the prosecution and presentation of any claim against or to Owner and shall pay all expenses of said prosecution or presentation, including without limitation, attorneys' fees.  It shall be Subcontractor's obligation to give Contractor adequate notice to insure that Contractor can give all notices required by the Contract Documents with respect to such claim in a timely manner.  In addition to the other provisions of this Subcontract dealing

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

with payment, Change Orders or notice requirements, Subcontractor understands and agrees that Subcontractor waives all right to and has no right to payment for any claim or request for additional compensation of any kind that is submitted more than thirty (30) calendar days after the completion of the Work. Except as provided herein, Subcontractor agrees to be bound by the determination of Owner or Architect with respect to all claims.

If an appeal or legal proceeding is specifically permitted by the Contract Documents and if requested in writing by Subcontractor, Contractor will, in its name and on Subcontractor's behalf, appeal any decision of Owner or Architect or institute a legal proceeding against Owner based on any just claim by Subcontractor involving the Work. In such event, Subcontractor shall pay all costs and expenses, including Contractor's expenses, arbitration costs and attorneys' fees, attributable thereto (and, if requested, shall make an advance deposit for such costs) and shall render all assistance requested by Contractor. If claims on behalf of other subcontractors are involved in such an appeal or legal proceeding, Subcontractor shall pay only its proportionate share (as determined by the ratio of the face amount of its claim to the total of all claims) of the costs and expenses. Subcontractor shall be bound by the determination rendered on such an appeal or in such legal proceeding and shall be entitled only to is proportionate share of any actual net recovery from Owner, less Contractor's overhead and profit.

Except as provided herein, any claims of Subcontractor that cannot be resolved in accordance with the provisions of the Contract Documents or the Subcontract, shall be finally determined by binding arbitration in accordance with the current Construction Industry Rules of the American Arbitration Association by one or more arbitrators selected in accordance with said Rules. The place of arbitration shall be the location of the Project. Subcontractor shall not stop, hinder or delay the Work in any way during the pendency of arbitration.

Regardless of the agreement to arbitrate set forth herein4, Subcontractor hereby agrees that upon Contractor's request, Subcontractor will consent to becoming a party to any legal proceeding involving the Project and Subcontractor's work and to the jurisdiction of any court or other forum in which the proceeding is pending. Subcontractor acknowledges that this provision is intended to permit Contractor to cause Subcontractor to be a third party defendant to claims by Owner, other subcontractors or third parties against Contractor. Pending final resolution of a claim, including arbitration, unless otherwise agreed in writing, the Subcontractor shall proceed diligently with performance of the Contract and the Contractor shall continue to make payments in accordance with the terms of this Subcontract.

23. **DELAYS.** If events or occurrences caused exclusively by Contractor or the Owner delay Subcontractor's performance of the Work, the Contract Time will be extended by the number of days equal to the time lost due to such delay and the Subcontract Price may be adjusted if, and only if, Subcontractor timely presents to Contractor a Claim in compliance with the provisions of Paragraph 22.

Neither the Contract Time nor the Subcontract Price shall be adjusted for delays caused by weather.

If the Subcontractor's Work is delayed concurrently by Subcontractor and Contractor, Owner, or any other person, or by events or occurrences caused exclusively by circumstances beyond the control of Subcontractor, Contractor, or the Owner including, without limitation, the work of other Subcontractors, fire, earthquake, acts of God, riots, war, strikes (other than those described in paragraph 45), or other force majeure events, delay Subcontractor's Work, the Contract Time will be extended by the number of days equal to the time lost due to such delay if, and only if, Subcontractor timely presents to Contractor a Claim in compliance with the provisions of Paragraph 22. This adjustment in the Contract Time shall be Subcontractor's sole and exclusive remedy for such delays.

24. **SUBCONTRACTOR-CAUSED DELAYS.** The parties recognize that Contractor will suffer substantial damage if Subcontractor fails to perform the Work in compliance with the Project Schedule. Subcontractor shall indemnify and hold Contractor harmless from and against any and all Losses and liquidated damages that are attributable to or caused by Subcontractor's failure to perform the Work in compliance with the Project Schedule.

25. **WARRANTY.** Subcontractor warrants that:
   a) all materials and equipment furnished under this Subcontract will be of good quality and new, unless otherwise required or permitted by the Plans and Specifications;

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

b)   the materials and equipment provided as part of the Work will be suitable for the purposes intended in the Plans and Specifications;

c)   the Work will be performed in a good and workmanlike manner;

d)   the Work will conform to the requirements of the Plans and Specifications and this Subcontract; and

e)   the Work will be free from defects.

f)   the subcontractor will warranty their work for 1 month with a 5% withholding, however, the withhold payment will be release once confirmed that future warranty issue will not exist.

g)   the warranty applied for equipment, materials and workmanship.

Work not conforming to these requirements, including without limitation, substitutions not properly approved and authorized, shall be considered defective.  Subcontractor shall execute any special guarantees required by the terms of the Plans and Specifications.

26. **CORRECTION AND REPLACEMENT OF DEFECTIVE WORK.**   During performance of the Work, Subcontractor shall promptly correct or replace defective Work.  Contractor shall determine, in its sole discretion, whether Work is defective and whether work performed by Subcontractor to correct or replace defective work complies with Subcontractor's warranty obligations.

If, within the greater of (a) the period established in the contract between the Owner and Contractor, or (b) one (1) year after the Completion Date (hereinafter the "Correction Period"), any of Subcontractor's Work is found to be defective, Subcontractor shall correct or replace it promptly after receipt of written notice of the defective Work.

Subcontractor's warranty and a new Correction Period shall extend to Work corrected or replaced by Subcontractor or Contractor as provided in this paragraph.

If Contractor prefers to accept, rather than correct or repair defective work, Contractor may, in its sole discretion, accept the work subject to its right of reimbursement, as set forth below.

Subcontractor shall be responsible for and shall pay all costs to correct or replace defective Work, and all costs incurred by Contractor arising out of or related to defective work.  Subcontractor shall correct or replace defective work without any adjustment to the Subcontract Price or Contract Time.  If Subcontractor fails to correct defective Work within the time allowed by Contractor, or if no time is specified, a reasonable time after receipt of notice of such defects, Contractor may correct or replace the defective work.  Subcontractor shall be responsible, and shall reimburse Contractor, for (1) the costs to correct or replace defective Work, including, without limitation, the costs of additional sampling, testing and inspections, if any, made necessary by such corrections or replacements, (2) a reasonable profit on costs incurred, (3) all consequential damages Contractor incurs that arise out of or result from defective work, (4) any amounts assessed and collected by Owner from Contractor for acceptance of defective work, and (5) any other amounts for which Subcontractor is responsible at law or in equity.

27. **CLEAN-UP AND STORAGE.**  Subcontractor shall maintain, to the satisfaction of Contractor, all work sites in a clean, neat and safe condition and shall comply promptly with any instructions from Contractor with respect thereto.  As the Work is completed, Subcontractor shall remove from the site, to Contractor's satisfaction, all of Subcontractor's materials, tools, equipment, rubbish and debris.  If Subcontractor fails to do so promptly, Contractor may remove the same to any place of storage or any dumping ground at Subcontractor's risk and expense and without incurring any responsibility to Subcontractor for Losses, damage or theft.  Subcontractor shall be responsible, and shall reimburse Contractor for, all costs, expenses and Losses it may incur to store or dump any such materials, tools, equipment, rubbish or debris.

28. **LIENS.**  Subcontractor shall timely pay all claims for labor, materials, and equipment incurred in the performance of this Subcontract and shall keep the Property and all materials and equipment free from mechanic's liens or attachments of any person or entity furnishing any portion of the Work.  If any mechanic's lien or attachment is filed against the Property, materials or equipment for performance of the Work, Subcontractor shall, within ten (10) days after written demand by Contractor, take all reasonable steps necessary to cause the effect of such lien or attachment to be removed from the Property, materials or equipment, including, without limitation, obtaining a lien release or discharge bond satisfactory to Contractor in the total amount of all liens and attachments filed.  Subcontractor shall indemnify and hold

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

Contractor harmless against any and all Losses arising from liens or attachments filed against the Property, materials or equipment in connection with the Work.

29. **PROGRESS PAYMENTS.**  Subject to the provisions in this Subcontract providing for retention, withholding, reimbursement, offsets, back charges and termination, Contractor shall pay Subcontractor by wire transfer for that approved payment or INVOICE

   A) Contractor shall not, however, be obligated to make progress payments to Subcontractor until Contractor has received all of the following for the Work that is the subject of the Subcontractor's application for a progress payment:

      i.   Subcontractor shall submit schedule of values in accordance to Lump Sum amount for approval.

      ii.  Approved percentage or approval of the project manager for the completed work.  The payment shall be flow down percentage from client.

      iii. releases of all claims and liens, in a form satisfactory to Contractor;

   b) Payment shall be issued 14 days receipt from Owner (USACE).

   c) approval of any Work inspected or required to be inspected by Contractor and governmental authorities; and

   d) Satisfaction that all complaints involving Subcontractor's Work have been corrected by Subcontractor.

Contractor may refuse payment to Subcontractor unless and until these conditions are satisfied.  Subcontractor warrants that title to all Work covered by its executed application for payment will pass to Contractor no later than the time of payment.  Any payment made hereunder or advances made by Contractor prior to the Completion Date shall not be construed as evidence of acceptance of any portion of the Work.

Subject to meeting these conditions, within ten (7) working days after receiving a progress payment from Owner, Contractor shall make a progress payment to Subcontractor equal to the approved value of the completed portions of the Work and the Stored Materials which were included in the Contractor's billing to Owner, less (a) all previous payment, (b) retainage (and any other reserve or withholding provided for in this Subcontract) and (c) all charges or back charges for services, materials, equipment and other items furnished or otherwise chargeable by Contractor to Subcontractor. Any estimate or determination made by Owner (or Architect) of the value of the completed portions of the Work or of any deduction or offset for damages to the Work or for charges chargeable by Owner to Contractor on account of the Work, shall be binding on Subcontractor.

30. **FINAL PAYMENT.** Subject to the provisions in this Subcontract providing for retention, withholding, reimbursement, offsets, back charges and termination, ACI-SCC JV shall pay Subcontractor the unpaid balance of the Subcontract Price within thirty (30) days after satisfaction of all of the following criteria:

      i.   releases of all claims and liens, in a form satisfactory to Contractor ;

   a) completion of the Work in accordance with terms and conditions of the Plans and Specifications and this Subcontract;

   b) correction or replacement of defective Work, if any;

   c) inspection and acceptance of the Work by Contractor and governmental authorities; and

   d) Contractor's receipt of payment for the Work from Owner. Contractor will notify Subcontractor when it receives final payment from the Owner.

Acceptance of Final Payment shall constitute a waiver of all Claims by Subcontractor except for Subcontractor's right to payment of retention and those Claims previously made in writing and identified by Subcontractor as unsettled at the time it submits its invoice for final payment. Final Payment by Contractor shall not be construed as a waiver of any Claims, rights, or remedies of Contractor including, without limitation, the right to require Subcontractor to correct defective Work, whether latent or patent.

31. **PAYMENTS TO SUBCONTRACTOR'S SUPPLIERS.**  Contractor shall have the right to make payments to Subcontractor hereunder, and against the Subcontract Price, by checks payable directly, or by joint check, to

ACI-SCC JV 3422                         Old Capitol Trail, Suite 556              Email: General@palisadea.com
DUNS: 82-970-1627                       Wilmington, OE 19808                      Tel. 202-446-0249
EIN: 98-0616552                         UNITED STATES OF AMERICA                 URL: www.palisadea.com

Subcontractor's suppliers, laborers, Subcontractors and any employee health, welfare, pension or benefit fund entitled to receive payments as a result of the Work performed.

32. **WITHHOLDING.** Contractor may withhold payment to Subcontractor in whole or in part to the extent necessary, in Contractor's sole discretion, to protect Contractor against Losses for which Subcontractor is responsible as a result of any Default, as that term is defined below, or any of the following:

a) third party claims or evidence indicating, in Contractor's sole discretion, probable filing of such claims unless Subcontractor provides security against such claims in a form acceptable to Contractor;

b) evidence that the Work cannot be completed for the unpaid balance of the Subcontract Price, as determined by Contractor in its sole discretion;

c) evidence that the Work will not be completed within the Contract Time, and the unpaid balance will not be adequate to cover actual or liquidated damages for the anticipated delay, as determined by Contractor in its sole discretion;

d) delays that may result in assessment of liquidated damages by Owner against Contractor as a result and to the extent of delays caused by Subcontractor;

e) damage to the work of Contractor or another Subcontractor.

33. **DEFAULT.** Upon written or verbal notification from Contractor that Subcontractor is in default because it has failed to comply fully with the terms of this Subcontract or the Plans and Specifications, Subcontractor shall, within forty-eight (48) hours of such notification, take all actions, including accelerating the Work by furnishing additional materials, equipment and laborers, which are necessary to cure the Default in accordance with this Subcontract or the requirements of Contractor. The following acts or omissions by Subcontractor shall constitute events of default ("Default") under the terms and conditions of this Subcontract and shall give rise to all rights and remedies for material breach of this Subcontract, including, without limitation, termination of this Subcontract:

a) Failure to meet schedule.

b) failure to perform the Work in strict compliance with this Subcontract or the Plans and Specifications;

c) failure to promptly and diligently correct or replace defective Work;

d) failure to diligently perform the Work in compliance with the Project Schedule including, without limitation, failure to supply sufficient skilled laborers or furnish suitable materials or equipment;

e) failure to provide a performance or payment bond when required by Contractor;

f) failure to timely pay suppliers, laborers, Subcontractors, or health, welfare, pension or other benefit funds for labor, materials or equipment furnished as part of the Work;

g) failure to keep the Property, materials or equipment free from mechanic's liens or other attachments;

h) failure to pay laborers prevailing wages, if so required;

i) assignment or subcontracting any of portion of the Work without prior written authorization from Contractor;

j) failure to perform the Work in strict compliance with the Laws and Regulations;

k) causing damage to the work of Contractor or another Subcontractor;

l) insolvency, inability to pay its current obligations, filing of any action seeking the protection of a bankruptcy court, seeking to effect reorganization or workout with its creditors, filing in bankruptcy court by its creditors seeking to compel Subcontractor to reorganize or liquidate assets, appointment of a receiver or trustee related to any insolvency of Subcontractor, and garnishment of any amounts owed by Contractor to Subcontractor;

m) any other violation of this Subcontract or the Plans and Specifications; and

n) any act, occurrence or event that places Subcontractor in default under any agreement between Contractor and Subcontractor other than this Subcontract.

If Subcontractor fails to cure any Default within (96) hours after receipt of written notice of Default, Contractor may cure or remedy any Default by Subcontractor. Subcontractor shall be responsible, and shall reimburse Contractor for, any and all costs and Losses it incurs, plus a reasonable allowance for profit, to cure or remedy any Default, or as a result of any

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0610552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

other failure of Subcontractor to comply with the terms and conditions of this Subcontract or the Plans and Specifications.

Contractor's rights and remedies under this paragraph, the other paragraphs under this Subcontract and any other contract between Contractor and Subcontractor are cumulative and not exclusive. Contractor may, in its sole discretion, exercise concurrently any and all rights and remedies set forth in this paragraph, other paragraphs in this Subcontract, and under any other contract between Contractor and Subcontractor in addition to any rights or remedies at law or in equity.

Any delay by Contractor in providing notice of Default, demanding that Subcontractor cure a Default, or enforcing any right or remedy in the event of Default shall not be construed as a waiver of right or remedy.

34. **TERMINATION FOR CAUSE.** If Subcontractor fails to cure any Default within Ninety-six (96) hours after receipt of written notification, Contractor may terminate this Subcontract and Contractor shall have all the rights and remedies available at law or in equity, including, without limitation, those remedies specified below.

In the event Contractor terminates this Subcontract for cause as provided herein, Contractor may, without prejudice to any other of its rights or remedies, perform and complete the Work and in connection therewith, Contractor may do any or all of the following:

a) exclude Subcontractor from the Project;

b) take possession of all materials, equipment, and tools intended for performance of the Work including materials and equipment at the Project site, stored materials and equipment, and materials and equipment in the course of preparation wherever located (without liability to Subcontractor for trespass or conversion),

c) assume Subcontractor's rights under all of Subcontractor's purchase orders and subcontracts for performance of the Work; and/or

d) otherwise obtain materials and equipment and employ persons which in Contractor's judgment are necessary to complete the Work.

Upon termination for cause as provided herein, Subcontractor shall not be entitled to receive any further payment until completion of all of the Work and acceptance of the entire Project. Subcontractor shall be responsible, and shall reimburse Contractor for, all costs and Losses it incurs to complete Subcontractor's Work, plus a reasonable allowance for overhead and profit. If the unpaid balance of the Subcontract Price exceeds Contractor's costs and Losses, plus allowance for overhead and profit, Contractor shall pay such excess to Subcontractor. If such costs and profit exceed the unpaid balance, the Subcontractor shall pay the difference to Contractor. In addition, Contractor shall be entitled to such other and further remedies available at law or in equity.

35. **SUSPENSION FOR CONVENIENCE.** Contractor may, without cause, suspend, delay or interrupt the Work in whole or in part for such period of time as Contractor may determine. Subject to the requirements of Paragraph 22, the Subcontract Price and Contract Time may be adjusted for increases in the cost and time to complete the Work caused by suspension. No adjustment shall be made, however, to the extent that (a) performance is, was or would have been so suspended, delayed or interrupted by another cause for which the Subcontractor is responsible; or (b) an equitable adjustment is made or denied under another provision of this Subcontract.

36. **TERMINATION FOR CONVENIENCE.** Contractor may, at any time, terminate this Subcontract for the convenience of Contractor and without cause. In the event that Contractor terminates this Subcontract for convenience, Contractor shall pay Subcontractor its costs for the portion of the Work completed to the satisfaction of the Contractor up to the effective date of the termination. Calculation of costs shall be based upon the payment schedule set forth in this Subcontract. Contractor shall not be responsible for, and Subcontractor shall not be entitled to recover, any other costs or Losses it incurs including, without limitation, profit or overhead on any uncompleted portion of the Work, or consequential damages, if any, resulting from termination of this Subcontract for convenience.

37. **HAZARDOUS MATERIALS.** If Subcontractor discovers any known or suspected hazardous materials at the Project site, Subcontractor shall be entitled to stop performance of the Work and Subcontractor shall immediately report the condition to Contractor. The Owner shall be solely responsible for corrective measures and/or remedial action.

ACI-SCCJV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

Subcontractor shall resume the Work upon agreement between Contractor and Owner that the hazardous materials have been removed or rendered harmless. If Subcontractor contends that it is entitled to an adjustment in the Contract Price and/or the Contract Time as a result of discovery of hazardous materials, Subcontractor shall make a Claim in accordance with the provisions of Paragraphs 22 and 23.

38. **OFFSETS/BACK CHARGES.** If Subcontractor is responsible, or required to reimburse Contractor for, any costs or Losses incurred by Contractor pursuant to the terms and conditions of this Subcontract or any other contract between Subcontractor and Contractor , or based upon any other right of recovery under common law or statute, Contractor may back charge Subcontractor for any such amounts and/or offset any such amounts against any funds Contractor is otherwise required to pay to Subcontractor pursuant to the terms and conditions of this Subcontract.

39. **INSURANCE.** The Contractor shall procure Defense Base Act Insurance to cover its employees and the insurance must be in effect at all times during the progress of the Work and during the Correction Period **(NOT APPLICABLE TO THIS CONTRACT)**.

40. **INDEMNIFICATION.** To the greatest extent allowed by law and in addition to the indemnity obligations set forth elsewhere in this Subcontract, Subcontractor shall indemnify and hold Contractor and the Owner, and their affiliates, predecessors, successors, parents, subsidiaries, officers, directors, agents and employees (the "Indemnitees"), harmless from and against any and all claims, losses, damages, and expenses, including, without limitation, attorneys' fees, expenses of investigation, and other costs of defense, (collectively, "Losses") that arise as a result of or in connection with (a) any Default, or failure by Subcontractor to comply with any express duty, warranty, representation, acknowledgment or covenant in this Subcontract, (b) any charges, claims, or liquidated damages assessed and collected by the Owner against Contractor as a result of and to the extent caused by any act or omission of Subcontractor or its suppliers, Subcontractors, guests or invitees; (c) personal or bodily injury to or death of any person, including, without limitation, any agent, employee, guest or invitee of Subcontractor or its suppliers or Subcontractors, another Subcontractor, Contractor, or Owner, caused by any act or omission of Subcontractor or its suppliers, Subcontractors, guests or invitees, or (d) damage to or loss of property caused, in whole or in part, by any act or omission of Subcontractor or its suppliers, Subcontractors, guests or invitees.

The indemnity obligations set forth in this Subcontract shall not be limited by (1) the Subcontract Price, or (2) the amount or type of proceeds, compensation, or benefits available to Subcontractor under any insurance policy including, without limitation, any self-insurance or similar program or policy maintained by Subcontractor.

At the request of any Indemnitee, Subcontractor shall defend any claim for Losses against an Indemnitee. The Indemnitee shall be entitled to designate the legal counsel to be paid for by Subcontractor for the purpose of defending such claims for Losses and shall be entitled to control the defense of such claims for Losses. No claim for Losses shall be settled or discontinued, nor shall judgment be permitted to be entered without the written consent of the Indemnitee, which consent shall not be unreasonably withheld.

41. **DAMAGE TO RELATED WORK.** In the event that Subcontractor damages the work of Contractor or other Subcontractors or any existing structure, facility or appurtenance on the Project, Subcontractor shall be responsible for, and shall promptly repair such damage or, at the option of Contractor, pay Contractor or such Subcontractor, as the case may be, all costs, and Losses incurred in repairing the damage.

42. **ASSIGNMENT.** Subcontractor shall neither assign nor subcontract the whole or any portion of this Subcontract or the payments hereunder without obtaining, in each and every instance, prior written approval from Contractor. Any assignment or subcontract by Subcontractor made without the consent of Contractor as herein provided shall be null and void. Any assignment or subcontract must (1) be approved in writing and executed by Contractor , (2) obligate the assignee or Subcontractor to perform Work subject to, and on the same terms and conditions as, the provisions of this Subcontract and such obligations shall run directly to Contractor , (3) not relieve Subcontractor of his duties, obligations and liabilities under this Subcontract, unless the assignment or subcontract expressly so states, and (4) not be deemed or construed as approval to any subsequent assignment or subcontract.

43. **NON-WAIVER OF DEFAULTS.** Delay by Contractor in enforcing any rights or remedies in the event of Default or a breach of any term or condition of this Subcontract or any other contract between Contractor and Subcontractor, shall not

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

# ACI – SCC JV                                          Subcontract Agreement

be construed as a waiver of such Default or breach. Payment by Contractor of Progress Payments or Final Payment shall not be construed as acceptance of any work for which payment is made or waiver of any Claims, rights or remedies under this Subcontract. Any consent by Contractor to any delay in the performance by Subcontractor of any obligations to be performed by Subcontractor shall be applicable only to the particular Work to which it relates, and shall not be applicable to any other obligation or Work. Contractor shall waive Default or breach of any of a term or condition of this Subcontract only as expressly agreed upon in a writing executed by Contractor. Any such waiver shall not be construed as a waiver of any subsequent Default or breach.

44. **CHOICE OF LAW/CONFLICT OF LAWS.** The laws of Commonwealth of Virginia shall govern the interpretation, validity and construction of the terms and conditions of this Subcontract. Under no circumstances, however, shall this paragraph be interpreted to apply Commonwealth of Virginia conflict of laws principles to require the laws of another state to determine the interpretation, validity or construction of this Subcontract.

45. **COMING INTO FORCE.** This contract shall come into force at the date of signing of this contract between the Subcontractor and the Contractor.

**IN WITNESS WHEREOF**, the parties have executed and delivered this Subcontract on the date first set forth above.

**ACISCC JV:**

Old Capitol Trail, Suite 556,
Wilmington, DE 19808,
**UNITED STATES OF AMERICA**
Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com

By:

(Print Name)

Date:  1/19/2012

**SUBCONTRACTOR:**

Arwand Road and Construction Company
4th distarlct Badmorqan street Herat – Afghanistan
93-799-133-141
ARCC2008@gmail.com

By: _Director_

_Eng. M. Shoaib Latifi_
(Print Name)

Date: 1/19/2012.

ACI-SCC JV 3422
DUNS: 82-970-1627
EIN: 98-0616552

Old Capitol Trail, Suite 556
Wilmington, DE 19808
UNITED STATES OF AMERICA

Email: General@palisadea.com
Tel. 202-446-0249
URL: www.palisadea.com